UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROY CHEESMAN,

        Plaintiff,

v.

ELLENSBURG POLICE DEPARTMENT and DALE MILLER,

        Defendants.

No. 1:17-CV-03018-SMJ

**ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff Roy Cheesman alleges that Defendants Ellensburg Police Department and Dale Miller have violated his rights by engaging in conspiracy, discrimination, making false reports, and malicious prosecution in numerous interactions with him over the last 15 years. Defendants move for summary judgment on all of Cheesman's claims, arguing several alternative grounds for dismissal. It is not necessary to address most of Defendants' arguments because Cheesman fails to present any cognizable claims supported by evidence or even plausible factual allegations. Accordingly, Defendants motion is granted.

## II. BACKGROUND

Cheesman alleges that in 2005 he was locked inside his home and interrogated by City of Ellensburg Police Officer Dale Miller. ECF No. 1-2 at 4. Dale Miller (Defendant Miller) has been the Chief of the Ellensburg Police Department since August 2006, but was not employed by the Ellensburg Police Department in 2005. ECF No. 12 at 2. This 2005 incident was apparently connected to a police investigation of allegations of domestic violence by Cheesman's wife. ECF No. 15-2 at 11–12.

Cheesman alleges that in 2007, two police officers came to his house and questioned him about whether he made calls to a medical clinic, and then arrested him.[1] ECF No. 1-2 at 5. He alleges that the officers did not advise him of his *Miranda* rights, and that they threatened him that they would "get [Cheesman] either way." ECF No. 1-2 at 5. Cheesman was charged with unspecified offenses, but was not convicted. ECF No. 1-2 at 5. He claims that he "was forced to admit accusations and incidents that never happen[ed]." ECF No. 1-2 at 5.

Cheesman moved to Seattle in 2008. He claims that he made this move because he was threatened by Defendant Miller. ECF No. 1-2 at 5.

---

[1] It is unclear from the record whether these allegations are connected to an investigation in January 2008 into alleged harassment and threats of violence Cheesman made to employees at Community Health of Central Washington. ECF No. 15-2 at 13–16.

ORDER GRANTING
SUMMARY JUDGMENT ~ 2

Cheesman alleges that in March 2016, Defendant Miller called him at his home and told him "not to go 400ft close [sic] to Legal Weed marijuana store," and "accused [him] of ransacking the Legal Weed Marijuana store business." ECF No. 1-2 at 5. Cheesman alleges he received additional warnings from Defendant Miller not to "go to Charter business store," and that employees at Habitat for Humanity were complaining about him and not to "go there and start shooting." ECF No. 1-2 at 6. Cheesman further claims that Defendant Miller told employees at Habitat for Humanity that Cheesman "threatened to came [sic] back and shoot." ECF No. 1-2 at 6. A police report indicates that Cheesman made threats to employees at the Habitat for Humanity store, and that Ellensburg Police Officer Andrew Larson called Cheesman and informed him that he was prohibited from entering the Habitat for Humanity property. ECF No. 15-2 at 24–25. Cheesman alleges that Defendant Miller refused to take his phone calls about these incidents. ECF No. 1-2 at 6.

Cheesman alleges that in November 2016, Defendant Miller requested that he fix a fence that a neighbor complained about, ECF No. 1-2 at 6. A police report indicates that Ellensburg Police Officer Lucas Anderson was dispatched to Cheesman's property on a report from Cheesman's neighbor that Cheesman had taken down the fence between their properties and was attempting to replace it

with upended pallets. ECF No. 15-2 at 28–29. Officer Anderson advised the neighbor that this was a civil matter. ECF No. 15-3 at 29.

Cheesman alleges that in December 2016, a female police officer made a false statement regarding a child abuse investigation, ECF No. 1-2 at 7. This incident appears to be related to an investigation into alleged physical abuse of Cheesmans' five-year-old daughter, which was referred to the Kittitas County Prosecutor. ECF No. 15-2 at 1–8.

Cheesman alleges that in January 2017, Defendant Miller drove by Cheesman's house after Cheesman made a non-emergency call "regarding confidentiality in 911 buildings." ECF No. 1-2 at 7.

Defendant Miller does not recall having any direct contact with Cheesman or receiving any phone calls from Cheesman prior to the time he commenced this lawsuit, and he denies refusing to take a call from Cheesman. ECF No. 12 at 3. Chief Miller denies any involvement in the events described in Cheesman's complaint ECF No. 12 at 3.

Cheesman initially filed a claim in Kittitas County Superior Court in May 2016, and filed amended complaint in Kittitas County Superior Court on January 13, 2017. ECF No. 1-1, 1-2. He alleges claims of conspiracy, violation of civil rights, discrimination, intentional infliction of emotional distress, filing a false police report under Washington Revised Code (RCW) § 42.20.040, and malicious

prosecution under RCW § 9.62.010 against the Ellensburg Police Department and Defendant Miller. ECF No. 1-2 at 7–8. Cheesman did not file a notice of claim for damages with the City of Ellensburg. ECF No. 13 at 2.

Defendants removed this case to this court, ECF No. 1, and now move for summary judgment on each of Cheesman's claims, ECF No. 10.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal citation omitted). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of

the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Sgt. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "In short, what is required to defeat summary judgment is simply evidence 'such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor.'" *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015)).

## IV. DISCUSSION

Defendants raise numerous, alterative arguments for dismissal of Cheesman's claims, including that the Ellensburg Police Department is not an party capable of being sued under 42 U.S.C. § 1983; Cheesman fails to state a basis for municipal liability against the Department under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978); Defendant Miller is entitled to qualified immunity, and there is no evidence supporting the claims against him; Cheesman's claims are time barred; and Cheesman fails to allege cognizable claims. ECF No. 10. It is unnecessary to address most of these arguments because Cheesman's claims are entirely unsupported.

Cheesman first alleges conspiracy to violate unspecified civil rights. ECF No. 1-2 at 7. "A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Lacy v. Maricopa Cty.*, 693

ORDER GRANTING
SUMMARY JUDGMENT **-** 6

F.3d 896, 935 (9th Cir. 2012) (en banc) (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 856–57 (9th Cir. 1999) (en banc)). Cheesman fails to allege any concerted action or unlawful purpose.

Second, Cheesman alleges discrimination in violation of "42 U.S.C. 2000a, 1983, 1985(3), and 18 U.S.C. § 241 of Civil Rights Act of 1964." ECF No. 1-2 at 7. 42 U.S.C. § 2000a prohibits discrimination in places of public accommodation on the grounds of race, color, religion, or national origin. Importantly, the statute does not prohibit barring a person from entering an establishment where he has threatened employees. Cheesman has not alleged or presented any facts supporting that he was discriminated against or barred from any public establishment on the basis of race, color, religion or national origin. 42 U.S.C. § 1983 does not create any substantive rights, it simply creates a cause of action for deprivation of certain rights. 42 U.S.C. § 1985 prohibits certain conspiracies to interfere with civil rights. As discussed, Cheesman has not alleged any basis for conspiracy in this case. 18 U.S.C. § 241 imposes criminal penalties for conspiracy to interfere with the exercise of Constitutional rights or privileges. It does not create any civil cause of action, and, in any case, Cheesman fails to allege a conspiracy.

Third, Cheesman alleges intentional infliction of emotional distress. ECF No. 1-2 at 8. To establish a claim of intentional infliction of emotional distress a

plaintiff must show that "(1) he or she suffered severe emotional distress; (2) the emotional distress was inflicted intentionally or recklessly, but not negligently; (3) the conduct complained of was outrageous and extreme; and (4) he or she personally was the subject of the outrageous conduct." *Grange Ins. Ass'n v. Roberts*, 320 P.3d 77, 86 (Wash. App. 2013). Conduct meets this standard only when it is so outrageous and extreme "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* Cheesman has not alleged or provided facts suggesting reckless, outrageous and extreme conduct by the Ellensburg Police Department or Defendant Miller.

Finally, Cheesman alleges that police officers made false reports in violation of RCW § 42.20.040, and engaged in malicious prosecution under RCW § 9.62.010. These criminal statutes do not provide any private cause of action and therefore provide no basis for Cheesman's claims. Further, Cheesman has presented no facts to support that any police report concerning him contains false statements or that the Defendants maliciously caused Cheesman to be arrested or prosecuted for a crime of which he was innocent.

Drawing all inferences from the record in favor of Cheesman, no reasonable juror could find in his favor on any of his claims.

## V. CONCLUSION

For the reasons discussed, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, **ECF No. 10**, is **GRANTED**.

2. The Clerk's Office is directed to **ENTER JUDGMENT** consistent with this order in Defendants' favor, and to **CLOSE** this case.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and pro se Plaintiff.

**DATED** this 9th day of November 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge